IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. CR 96-58-1-JO |
| | ) | |
| v. | ) | <u>OPINION AND ORDER</u> |
| | ) | |
| GREGORY FRANK SPERO, formerly known as Gregory Frank Sperow, | ) ) | |
| | ) | |
| Defendant. | ) | |

Johnathan S. Haub
Assistant United States Attorney, District of Oregon
UNITED STATES ATTORNEY'S OFFICE
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

  Attorney for Plaintiff

David T. McDonald
DAVID T. McDONALD, P.C.
808 S.W. Third Avenue, Suite 425
Portland, OR 97204

Doron Weinberg
WEINBERG & WILDER
523 Octavia Street
San Francisco, CA  94102

    Attorneys for Defendant

JONES, Judge:

Defendant Gregory Frank Sperow moves (# 54) for reconsideration of my Opinion and Order denying his motion to dismiss the indictment on Sixth Amendment speedy trial grounds. U.S. v. Sperow, No. CR 96-58-JO (Opinion and Order, April 15, 2005).  For the reasons stated below, defendant's motion is denied.

In deciding defendant's motion to dismiss, I considered the parties' extensive briefing, conducted an all-day hearing on the motion, during which I received numerous exhibits and heard testimony from numerous witnesses, and I held lengthy closing arguments.  Based on the resulting fully-developed record, I rendered findings of fact and conclusions of law denying defendant's motion.  Defendant now asserts that the findings of fact are largely unsupported or directly contradicted by the record.  I disagree.

The record directly supports or permits rational and reasonable inferences on the key facts as I found them concerning the cause for the delay, that is, that defendant knew he was in trouble in Oregon and intended to evade Oregon authorities.  Without restating my entire decision on these issues, I specifically note the following.

On January 8, 1996, in the company of another known drug trafficker, defendant was observed in southern California preparing containers and then delivering them for shipment.

Two days later, on January 10, 1996, defendant[1] attempted to retrieve a container from a warehouse near the Portland International Airport that had been shipped from Los Angeles, California on January 8, 1996. Defendant produced a driver's license and paid the shipping costs, but because a trained narcotics dog had "alerted" on the container, authorities did not release the container to defendant but instead gave him a receipt for it. Defendant then left the airport and "disappeared" from Oregon, in the sense that there is no direct or circumstantial evidence to support any inference other than that defendant stayed out of Oregon until after his arrest in May 2004. There also is no evidence that defendant ever attempted to obtain release of the container after his encounter with authorities.

The driver's license defendant presented to authorities in Oregon, which bore his real name and an Aptos, California, address, was found less than a week after the warehouse encounter during a search of premises defendant owned in Glendale, California. There is no direct or circumstantial evidence to support any inference that defendant ever again obtained or attempted to obtain a replacement driver's license in his own name. And within a week after he abandoned the container in Oregon, defendant's known Los Angeles telephone number had been disconnected. A few days later, he signed a power of attorney form in California, granting his attorney, Lawrence Weitzman, power to sign for him. By April 1996, defendant's known vehicle had been sold.

Defendant accuses the court of relying on "mere conjecture" or speculation in concluding that defendant "knew" he had a problem and intended to evade authorities. To the contrary, the

---

[1] Defendant disputes guilt, as he is entitled to do. As I did for purposes of the motion to dismiss, I again assume only for the purposes of the present motion that the person who attempted to retrieve the container in Oregon was this defendant.

3 - OPINION AND ORDER

evidence outlined above, the other evidence of record summarized in my Opinion and Order, as well as all inferences reasonably and rationally based on that evidence firmly support a finding that this defendant knew what was in the container, knew when he left the warehouse that he had a problem in Oregon, and left Oregon to evade authorities. That he may not have known or learned of the indictment *per se*, a fact that was not established one way or another, does not change the analysis, because I did not, as defendant suggests, conclude that defendant "waived" his constitutional right to a speedy trial.[2]

Without countering defendant's every allegation concerning my findings, I also note that defendant misstates the record concerning law enforcement efforts to find him. According to defendant, after a few weeks in early 1996, "law enforcement [did not] do anything to locate defendant for a period of more than seven and-a-half years." Defendant's Motion for Reconsideration, p. 5. That is not correct. Using hindsight, defendant complains that to qualify as "diligent," law enforcement should have done more, but the fact remains -- as stated in my findings -- that local Oregon agents utilized, to the extent time and funding allowed, the tools and technology available to them, performing checks for new information on a regular basis between 1996 and 2004 and coordinating their efforts with their California counterparts. Nothing in the record supports defendant's suggestion that the sources he faults law enforcement for not pursuing, e.g., federal tax returns, the Aptos address, and defendant's attorney, would have produced any more useful information than law enforcement agents were able to obtain through the techniques that they used. Simply put, defendant, an experienced drug trafficker,

---

[2] As explained in footnote 2 of the Opinion and Order, I did not rely on the so-called "fugitive disentitlement doctrine" -- which would have required a finding that defendant knew of the indictment -- in my decision.

4 - OPINION AND ORDER

was able to evade Oregon and California authorities by using false papers, dead-end addresses, post office boxes, and abandoned mail drop sites, as well as by enlisting third parties and attorneys to act on his behalf in conducting his business. That defendant intended to evade authorities and that law enforcement agents were reasonably diligent in their efforts to find him are rational and permissible inferences fully supported by the record.

Finally, I note that defendant does not dispute my determination that he failed to show any specific and actual prejudice that resulted from the delay between indictment and arrest. As explained in my Opinion and Order, in the absence of such a showing, defendant's motion to dismiss fails.

Defendant's motion for reconsideration (# 54) is DENIED.

DATED this 1st day of June, 2005.

                                         /s/ Robert E. Jones
                                        ROBERT E. JONES
                                        U.S. District Judge