IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 96-58-1-JO |
| | ) | (Civil No. 06-70006-JO |
| v. | ) | |
| | ) | OPINION AND ORDER |
| GREGORY FRANK SPEROW, | ) | |
| | ) | |
| Defendant. | ) | |

    Johnathan S. Haub
    UNITED STATES ATTORNEY'S OFFICE
    1000 S.W. Third Avenue, Suite 600
    Portland, OR 97204-2902

    Of Attorneys for United States of America

    Gregory Frank Sperow
    Reg. No. 52273-146
    ENS LEGIS/LLC #676413
    Ada County Jail
    7210 Barrister Drive
    Boise, ID 83704

    Defendant Pro Se

JONES, Judge:

Petitioner Gregory Frank Sperow is proceeding *pro se* with this petition, titled "Challenge to the In Personam Jurisdiction by Defendant Citizen, Gregory Frank Sperow" (#119), to vacate, set aside or correct his sentence.[1]  Because petitioner is attacking his federal sentence, the petition is construed as a motion brought pursuant to 28 U.S.C. § 2255.  For the reasons set forth below, petitioner's § 2255 motion is denied.

## PROCEDURAL HISTORY

On June 22, 2005, a jury found petitioner guilty of one count of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1).  On September 22, 2005, I sentenced petitioner to 120 months of imprisonment, four years of supervised release, and a $240,000.00 fine, based in part on my finding that petitioner was engaged in a large-scale drug distribution operation.

Petitioner directly appealed his conviction and sentence, which was docketed in the Ninth Circuit Court of Appeals as United States v. Sperow, Case Number CA-05-30483, on October 6, 2005.  I take judicial notice of the fact that according to the general docket for the Ninth Circuit Court of Appeals, a court record that is readily available to the public online, petitioner's appeal was argued and submitted to a three-judge panel on November 14, 2006, and as of the date of this order is still pending.  *See* Fed. R. Evid. 201; *see also* Jones, Rosen, Wegner & Jones, RUTTER GROUP PRACTICE GUIDE:  FEDERAL CIVIL TRIALS & EVIDENCE (The Rutter Group 2006) ¶¶ 8:875 - 8:892 (discussing judicial notice of court records).  Petitioner

---

[1] Sperow did not move to appoint counsel in connection with his petition; therefore, counsel has not been appointed by this court.

PAGE 2 - OPINION AND ORDER

filed the instant petition on October 31, 2006, claiming that his sentence is invalid because he is a "Common Law Citizen of the California Republic" who cannot be subjected to the jurisdiction of the United States District Court for the District of Oregon. (Petition (#119) at 7-8.)

## DISCUSSION

Federal prisoners, such as petitioner, typically are required to file a motion for habeas corpus relief within one year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. "By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987); *see also* United States v. LaFromboise, 427 F.3d 680, 683 (9th Cir. 2005) (quoting Griffith with approval). For the purposes of a § 2255 motion, a judgment of conviction is not final until *both* the conviction and the sentence are final. Id. at 684 (emphasis added).

Because petitioner's direct appeal is still pending, his § 2255 motion is premature; "federal prisoners must exhaust appellate review prior to filing for habeas relief in the district court." Id. at 686 (citing Feldman v. Henman, 815 F.2d 1318, 1321 (9th Cir. 1987)). Accordingly, petitioner's § 2255 motion is denied and this habeas corpus action is dismissed without prejudice to refiling after petitioner's direct appeal becomes final.

## CONCLUSION

Based on the foregoing, petitioner's motion to vacate or correct his federal sentence under 28 U.S.C. § 2255 (#119) is DENIED.

DATED this 2nd day of February, 2007.

<u>/s/ Robert E. Jones</u>
ROBERT E. JONES
U.S. District Judge