FILED'08 OCT 22 15:27USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 96-58-1-JO |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| GREGORY FRANK SPEROW, | ) | |
| | ) | |
| Defendant. | ) | |

Following a remand from the Ninth Circuit Court of Appeals in United States v. Sperow, 494 F.3d 1223 (9th Cir. 2007), defendant was resentenced *in absentia* by agreement of counsel on September 17, 2007. In his *pro se* motion (#131) to vacate or correct his sentence pursuant to 28 U.S.C. § 2255, defendant contended that his attorney did not have his express permission to waive defendant's right to appear at the resentencing proceeding, and that the fine imposed at the original sentencing should have been cut in half because the term of imprisonment was cut in half in accordance with the Ninth Circuit's ruling.[1] Defendant did not contest the propriety of the

---

[1] The original sentence, which was imposed on September 22, 2005, included a $100 "special assessment" fee, a fine of $240,000, and a term of 120 months of imprisonment, to be followed by 4 years of supervised release.

5-year term of imprisonment or the 3-year term of supervised release that the court imposed at the first resentencing proceeding.

On October 20, 2008, the court granted defendant's motion to further correct his sentence and conducted a second resentencing hearing with defendant present and proceeding *pro se*. It is uncontested that defendant was convicted, pursuant to 21 U.S.C. § 841(a)(1), of possession with intent to distribute marijuana. It is also uncontested that defendant is therefore subject to the penalty provisions of 21 U.S.C. § 841(b)(1)(D), but without the application of a sentencing enhancement based on a prior conviction for a felony drug offense. *See* Sperow, 494 F.3d at 1226. The applicable portions of the statute read as follows:

> In the case of less than 50 kilograms of marihuana . . . such person shall, except as provided in paragraphs (4) and (5) of this subsection, be sentenced to a term of imprisonment of not more than 5 years, a fine not to exceed . . . $250,000 if the defendant is an individual. * * * Notwithstanding section 3583 of Title 18, any sentence imposing a term of imprisonment under the paragraph <u>shall, in the absence of such a prior conviction, impose a term of supervised release of at least 2 years in addition to such term of imprisonment</u>.

21 U.S.C. § 841(b)(1)(D).

The sentence announced in open court on October 20, 2008, did not include a term of supervised release because it was deemed redundant given that on September 30, 2008, defendant entered a plea of guilty in United States v. Gregory Frank Sperow, Case No. CR 06-126-S-BLW (D. of Idaho) (docs. #665 & #666), in which he agreed that the sentence imposed in Oregon in this case would be served concurrently with the sentence imposed in the related Idaho case, which is expected to include a 5-year term of supervised release. Nevertheless, by operation of law defendant is subject to a mandatory statutory minimum term of two years' supervised release in this case. *See* United States v. Velasco-Heredia, 249 F.3d 963, 969 n.3 (9th

2 - ORDER

Cir. 2001) *withdrawn on other grounds and superceded by* 319 F.3d 1080 (9th Cir. 2003); *and see* United States v. Becker, 937 F.2d 614 (unpublished) *available at* 1991 WL 126677 (9th Cir. July 5, 1991) (citing United States v. Connolly, 618 F.2d 553, 556 (9th Cir. 1980) (district court required to correct sentence to conform to the mandatory minimum term of "special parole" provided by 21 U.S.C. § 841(b)(1)(D)).

Generally, a sentence is deemed imposed when it is announced by the district judge in open court; however, "when the oral sentence is illegal, the correction procedure of Rule 35(c) applies,[2] and the correction supercedes the erroneous oral sentence." United States v. Colace, 126 F.3d 1229, 1231 (9th Cir. 1997). Rule 35(a) provides that, "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Such corrections can be made *sua sponte* or on motion by one of the parties, but the court's authority is very narrow and extends "only to those cases in which an obvious error or mistake has occurred in the sentence." Fed. R. Crim. P. 35 Advisory Committee Notes on 1991 Amendments. Rule 35 does not require the presence of a defendant "when there is no disputed issue of fact and the correction of an illegal sentence comes before the court." Connolly, 618 F.3d at 556.

In this case, correcting the sentence to include a 2-year term of supervised release cures an obvious technical error, and makes the sentence imposed by this court fully lawful. Ultimately, the correction remedies a harmless error; it will not affect the length of time defendant spends under federal supervision given that a concurrent 5-year term of supervised

---

[2]In 2002, the language of former Rule 35(c) was relocated to 35(a); any changes are intended to be stylistic only and not change the application of the rule. Fed. R. Crim. P. 35 Advisory Committee Notes on 2002 Amendments.

3 - ORDER

release is expected to be imposed in the related District of Idaho case. Accordingly, the sentence announced orally on October 20, 2008, shall be corrected and formally imposed in the Third Amended Judgment as follows: Defendant is sentenced to a term of 5 years of imprisonment, to be followed by a 2-year term of supervised release, and defendant shall pay of fine of $30,000. The mandatory $100 fee assessment, which was imposed in the original judgment, is reimposed; court records show that defendant satisfied this obligation on October 3, 2005.

IT IS SO ORDERED.

DATED this 22 day of October, 2008.

_____
ROBERT E. JONES
U.S. District Judge

4 - ORDER